UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FELICIA FERREIRA DE SOUZA GONCALVES,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; RODNEY S. SCOTT, Commissioner, United States Customs and Border Protection; DAVID J. VENTURELLA, Acting Director, United States Immigration and Customs Enforcement;[1] DAVID WESLING, Field Office Director, Boston Field Office, United States Immigration and Customs Enforcement, Enforcement and Removal Operations; ROSARIO VASQUEZ, Chief, United States Border Patrol;[2] JUSTIN DE LA TORRE, Chief Patrol Agent, Yuma Sector, United States Border Patrol; JOSEPH EDLOW, Director, United States Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | * | Civil Action No. 1:26-cv-11722-IT |

MEMORANDUM & ORDER

October 22, 2026

TALWANI, D.J.

[1] The court substitutes David J. Venturella, Acting Director of United States Immigration and Customs Enforcement for former Acting Director Todd M. Lyons pursuant to Federal Rule of Civil Procedure 25(d).

[2] The court substitutes Rosario Vasquez, Chief, United States Border Patrol for former Chief Michael Banks pursuant to Federal Rule of Civil Procedure 25(d).

In her Complaint for Declaratory and Injunctive Relief [Doc. No. 1] ("Complaint"), Plaintiff Felicia Ferreira De Souza Goncalves challenges, under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2022, the U.S. Department of Homeland Security's ("DHS") "ongoing treatment" of an allegedly "incomplete and improperly executed Form I-860 as if it were a lawfully issued order of expedited removal." Compl. ¶ 1 [Doc. No. 1]. Plaintiff alleges that DHS's continued use of the Form I-860 as an operative order of removal exposes her to inadmissibility bars under 8 U.S.C. § 1182(a)(9)(A) (noncitizens "ordered removed"), to a reinstatement of the purported order under 8 U.S.C. § 1231(a)(5), and to adverse treatment concerning the Form I-130 her spouse filed on her behalf. Id. ¶¶ 25, 29. Plaintiff seeks a declaration that the I-180 Form is void and without legal effect, and an injunction directing DHS to correct its records to reflect that no lawful expedited removal order was ever issued or executed against her. Id. ¶ 6.

Pending before the court is the Defendants' Motion to Dismiss [Doc. No. 8] Plaintiff's Complaint [Doc. No. 1] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants contend that, under 8 U.S.C. § 1252(a)(2)(A), the court lacks subject matter jurisdiction to review matters related to expedited removal, Mem. ISO Mot. to Dismiss 8–13 [Doc. No. 9], and that, even if jurisdiction does exist, the Complaint [Doc. No. 1] is subject to dismissal for failure to state a claim upon which relief can be granted, Mem. ISO Mot. to Dismiss at 13–18 [Doc. No. 9].

For the following reasons, the court finds that it lacks subject matter jurisdiction to hear Plaintiff's claims.

## I. Factual Background

Plaintiff is a native and citizen of Brazil and a resident of Massachusetts. Compl. ¶ 11 [Doc. No. 1]. She entered the United States near San Luis, Arizona on or about July 1, 2021, and

U.S. Customs and Border Protection ("CBP") apprehended her. Id. ¶ 20. On July 3, 2021, an immigration officer recorded Plaintiff's sworn statement on a Form I-867A.[3] Mem. ISO Mot. to Dismiss Ex. 1, at 1 [Doc. No. 9-1]. Through a Portuguese interpreter, Plaintiff provided her name, date of birth, place of birth, and country of citizenship. Id. at 1–2; Mem. ISO Mot. to Dismiss 6 [Doc. No. 9]. The Form I-867A advised Plaintiff that she does "not appear to be admissible or to have the required legal papers authorizing [her] admission to the United States," and that "may result in [her] being denied admission and immediately returned to [her] home country without a hearing." Mem. ISO Mot. to Dismiss Ex. 1, at 1 [Doc. No. 9-1]. The Form I-867A also advised Plaintiff that "U.S. law provides protection to certain persons who face persecution, harm or torture upon return to their home country." Id.[4] Plaintiff affirmed that she was not in possession of any immigration documents that allowed her to enter or remain in the United States legally. Id. at 2. Plaintiff signed her name at the bottom of each page on the Form I-867A. Id. at ECF 2–5.

On July 3, 2021, a Senior U.S. Border Patrol Agent completed the upper section of Form I-860, Notice and Order of Expedited Removal, in the matter of "Felicia Ferreira-De Souza[.]" Compl. Ex. 1 [Doc. No. 1-3]. The upper section of the form, titled "DETERMINATION OF

---

[3] The Form I-867A is titled Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act. Mem. ISO Mot. to Dismiss Ex. 1 [Doc. No. 9-1]. The "Act" in the document's title refers to the Immigration and Nationality Act ("INA"), codified in 8 U.S.C. § 1225(b)(1).

[4] The Form I-867A explained the procedure to seek such protection:

> If you fear or have a concern about being removed from the United States or about being sent home, you should tell me during this interview because you may not have another chance. You will have an opportunity to speak privately and confidentially to another officer about your fear or concern. That officer will determine if you should remain in the United States and not be removed because of that fear.

Mem. ISO Mot. to Dismiss Ex. 1, at 1 [Doc. No. 9-1].

INADMISSIBILITY[,]" states that DHS determined that Plaintiff was inadmissible to the United States under the INA § 212(a)(7)(A)(i)(I). Id. The upper section of the form continues:

> You are not a citizen or national of the United States; You are a native of BRAZIL and a citizen of BRAZIL ; You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act; To wit you illegally entered the United States by climbing over the international boundary fence approximately 11 miles northeast of the San Luis, Arizona Port of Entry. You were enroute to E. Marlborough, MA to reside and seek [Asylum].

Id. The Senior Border Patrol Agent added his printed name, title, and signature to this section. Compl. ¶ 21 [Doc. No. 1]; Compl. Ex. 1 [Doc. No. 1-3].

As Defendants concede, see Mem. ISO Mot. to Dismiss 7 [Doc. No. 9], the lower portion of the form, titled "ORDER OF REMOVAL UNDER SECTION 235(B)(1) OF THE ACT[,]" was not filled out, Compl. Ex. 1 [Doc. No. 1-3]. The lines for "Name and title of immigration officer (Print)[,]" "Signature of immigration officer[,]" "Name and title of supervisor (Print)[,]" and "Signature of supervisor, if available" were all left blank. Compl. Ex. 1 [Doc. No. 1-3]. The box reading "Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty)" is not marked. Id. Lastly, the box at the bottom of the page, titled "CERTIFICATE OF SERVICE[,]" was also blank: no date of service was entered and no officer signed to attest that the order was served on Plaintiff. Id.

The Senior Border Patrol Agent also completed the top portion of Form I-296, Notice to Alien Ordered Removed/Departure Verification, dated July 3, 2021. Compl. Ex. 5 [Doc. No. 1-7]. He checked a box indicating that Plaintiff is prohibited from entering, attempting to enter, or being in the United States for a period of 5 years from the date of her departure from the United States because she was "found inadmissible as an arriving alien in proceedings under [§] 235(b)(1) or 240 of the Act." Id. The Senior Border Patrol Agent added his name, title, DHS Office location, and signature to that section of the form. Id. Again, however, the lower portion

of the form, titled "VERIFICATION OF REMOVAL[,]" which includes a departure date, port of departure, and manner of departure, was blank. Id. DHS did not serve Plaintiff with the Form I-860, Compl. ¶ 23 [Doc. No. 1], either then or afterwards, id. ¶ 28.

Following her interactions with CBP, Plaintiff moved to Massachusetts, where she has resided continuously. Id. ¶ 24.

On October 10, 2025, U.S. Citizenship and Immigration Services ("USCIS") issued Plaintiff a Form I-869, Record of Negative Credible Fear Finding, and a Form I-863, Notice of Referral to Immigration Judge. Id. ¶ 26. The first box on Form I-863 is checked, stating that Plaintiff "has been found inadmissible to the United States and ordered removed pursuant to section 235(b)(1) of the Immigration and Nationality Act[.]" Compl. Ex. 3, at ECF 3 [Doc. No. 1-5]. Plaintiff sought review of this negative credible-fear determination by an Immigration Judge, id. at ECF 2, and on October 14, 2025, an Immigration Judge at the Chelmsford Immigration Court affirmed the decision against Plaintiff, Compl. ¶ 27 [Doc. No. 1].

On January 28, 2026, Plaintiff's spouse became a U.S. Citizen. Id. ¶ 24 n. 1 [Doc. No. 1]. On January 30, 2026, Plaintiff's spouse filed an I-130, Petition for Alien Relative, on Plaintiff's behalf. Id. ¶ 25.[5] USCIS issued a Form I-797C, Notice of Action acknowledging receipt, and the petition is still pending. Id.

## II. Standard of Review

Rule 12(b)(1) is the "proper vehicle for challenging a court's subject-matter jurisdiction[.]" Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). Federal courts

[5] The Petition was filed under INA § 203(a)(2)(A) (F2A, spouse of lawful permanent resident). Compl. ¶ 25 [Doc. No. 1]. After becoming a naturalized U.S. citizen in January 2026, Plaintiff's spouse filed a request to upgrade the pending Form I-130 to immediate-relative classification under 8 U.S.C. § 1151(b)(2)(A)(i), consistent with 8 C.F.R. § 204.2(i)(1)(iv). Id. ¶ 24 n.1.

are courts of limited jurisdiction, so federal jurisdiction is never presumed. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Id. A court should treat all well-pleaded facts as true and provide the plaintiff the benefit of all reasonable inferences. Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009), cert. denied, 559 U.S. 1006 (2010). Dismissal is appropriate only when the facts alleged in the complaint, taken as true, do not support a finding of federal subject matter jurisdiction. Id. A challenge to the court's subject matter jurisdiction must be addressed before addressing the merits of a case. See Acosta-Ramirez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013) ("Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case" (citation omitted)).[6]

## III. Discussion

Defendants assert that Plaintiff's challenge is jurisdictionally barred by 8 U.S.C. § 1252(a)(2)(A). Mem. ISO Mot. to Dismiss 9 [Doc. No. 9]. "Section 1252(a)(2) . . . lists a variety of agency determinations the federal courts lack jurisdiction to review[,]" including the category at issue here, § 1252(a)(2)(A), which "concerns immigration officers' determinations whether aliens applying for admission are admissible." Kucana v. Holder, 558 U.S. 233, 245 (2010). In full, § 1252(a)(2)(A) provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review—
>
> > (i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the

[6] Because the court determines it lacks subject matter jurisdiction, it need not address the merits of Defendants' motion to dismiss for failure to state a claim. See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S 422, 431 (2007) ("Dismissal short of reaching the merits means that the court will not 'proceed at all' to an adjudication of the cause").

> implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title,
>
> (ii) except as provided in subsection (e), a decision by the Attorney General to invoke the provisions of such section,
>
> (iii) the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title, or
>
> (iv) except as provided in subsection (e), procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

8 U.S.C. § 1252(a)(2)(A). As the statute indicates, § 1252(e), titled "Judicial review of orders under section 1225(b)(1)[,]" protects certain kinds of cases from § 1252(a)(2)(A)'s stripping of jurisdiction. Id. § 1252(e). Namely, it allows for challenges to systematic policies underlying removal orders brought in the District Court for the District of Columbia, id. § 1252(e)(3), and for limited habeas review, id. § 1252(e)(2), as follows:

> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of--
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

Id. To determine whether 8 U.S.C. § 1252(a)(2) strips a court of jurisdiction over a given set of claims, then, a court must assess whether those claims fall within the categories identified as unreviewable under § 1252(a)(2)(A)'s terms and, if so, whether they fall within the exceptions laid out in § 1252(e). See Alawieh v. Mullin, __ F.4th __, 2026 WL 3059622, at *3 (1st. Cir. Oct. 13, 2026).

Plaintiff asks the court to declare that she was never ordered removed, Compl. ¶ 52 [Doc. No. 1], to enjoin government agencies from retaining records stating she has been removed, id.

¶ 53, to enjoin government agencies from considering her "as subject to a lawful expedited removal order under 8 U.S.C. § 1225(b)(1), including in . . . any subsequent immigration application[,]" id. at 15, and to set aside the purported removal order under the APA, id. ¶¶ 35–49. Plaintiff argues that § 1252(a)(2)(A) does not apply to her claims because it "presuppose[s] the existence of an order." Id. ¶ 33. By her account, "[e]ach of these provisions presupposes that the expedited removal process has been carried out through a completed, operative order[,]" so if "no such order exists, the statutory channeling does not attach." Opp'n to Mot. to Dismiss 5 [Doc. No. 12].

This argument is unavailing. "[Section] 1252(a)(2)(A)(i) . . . precludes judicial review of 'any individual determination or . . . any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1),'" Alawieh, 2026 WL 3059622, at *3, unless it fits within one of § 1252(e)'s exceptions, see id. Because Plaintiff filed her claims here, rather than in the District of Columbia, and has not challenged systematic policies underlying removal orders, the exception under § 1252(e)(3) does not apply.

Section U.S.C. § 1252(e)(2)(B) does provide for review (in the habeas context) of the exact question as to which Plaintiff seeks a determination, namely, "whether the petitioner was ordered removed" under § 1225(b)(1). 8 U.S.C. § 1252(e)(2)(B); see, e.g., Martinez v. Hyde, No. 25-11613, 2025 WL 1859273, at *2 (D. Mass. June 17, 2025) (asserting jurisdiction to determine whether the petitioner was ordered removed); Dugdale v. U.S. Customs & Border Prot., 88 F. Supp. 3d 1, 6–7 (D.D.C. 2015) (asserting jurisdiction to determine whether the expedited removal order "in fact was issued"). Plaintiff may not avail herself of this exception, however, where her challenge is not a habeas corpus proceeding.

In sum, § 1252(a)(2)(A) bars Plaintiff's claims challenging, outside of the habeas context, whether a removal order was issued.

**IV. Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. No. 8] is GRANTED, and the Complaint [Doc. No. 1] is dismissed without prejudice.

IT IS SO ORDERED.

October 22, 2026

/s/ Indira Talwani
United States District Judge